1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID MISCH,                          Case No. 22-cv-05278-HSG

8                    Plaintiff,            **ORDER OF DISMISSAL WITH LEAVE
                                           TO AMEND; DISMISSING PLAINTIFF**
9           v.                             **WASHINGTON; DENYING EX PARTE
                                           REQUEST FOR TEMPORARY**
10   ALAMEDA COUNTY SHERIFF'S              **RESTRAINING ORDER**
     OFFICE, et al.,
11                                         Re: Dkt. No. 3
                    Defendants.

12

13          David Misch and Keith H. Washington, inmates at Santa Rita Jail, have filed a *pro se*

14   action pursuant to 42 U.S.C. § 1983.  The complaint (Dkt. No. 1) is now before the Court for

15   review under 28 U.S.C. § 1915A.  Also pending before the Court is Plaintiffs' motion for a

16   temporary restraining order.  Dkt. No. 3.

17                                        **DISCUSSION**

18   **A.      Standard of Review**

19          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

21   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

24   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

25   989, 993 (9th Cir. 2020).

26          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

28   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

7    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9    U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the Alameda County Sheriff's Office, Aramark

Corporation, current Alameda County Sheriff Greg Ahearn, and Alameda County commander and

sheriff-elect Yessica Sanchez.  The complaint makes the following factual and legal allegations.

Aramark Corporation and Alameda County knowingly serve inmates kosher/halal meals that

provide inadequate nutrition and calories, and serve these meals on unclean trays, in violation of

the Eighth Amendment's prohibition on cruel and unusual punishment, the Religious Land Use

and Institutionalized Persons Act, the First Amendment's free exercise, and the Equal Protection

Clause.  Santa Rita Jail refuses to process inmates' grievances, obstructing inmates' First

Amendment right of access to the courts.  Plaintiff Misch has become a target for retaliation

because of his attempts to access the court and because of his grievance activity and, on June 15,

2022, plaintiff Misch was subject to excessive force by two unnamed deputies.

**C.     Dismissal With Leave to Amend**

The complaint will be dismissed with leave to amend because it suffers from numerous

deficiencies.  The Court lists the main deficiencies below.

First, this action may not proceed with co-plaintiffs.  Generally, a *pro se* plaintiff is

prohibited from pursuing claims on behalf of others in a representative capacity.  *See Simon v.*

*Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308

F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)

2   (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel,

3   and we consider the competence of a layman representing himself to be clearly too limited to

4   allow him to risk the rights of others.") (citation omitted).  The use of co-plaintiffs presents a

5   procedural problem unique to prisoner litigation.  The main problem with having unrepresented

6   inmates proceeding as co-plaintiffs is that inmates lack control over their ability to access each

7   other to prepare documents and prosecute a case.  Inmates are frequently moved.  The plaintiffs

8   may not have access to each other in the future to prepare documents and to discuss the case.

9   Even inmates who initially are physically close to each other often do not remain so for the

10  months or years that it takes for a case to work its way through to judgment.  Perhaps one plaintiff

11  will be moved to a different facility or be released from custody all of which will make their joint

12  prosecution of this case inordinately more difficult.  The slow pace of plaintiffs' communications

13  with each other will result in extensive delays at each point in the litigation where they are

14  required to file anything with the court.  Thus, this case will be delayed as any potential filing

15  from the plaintiffs is shuttled back and forth between the plaintiffs until both are comfortable

16  signing it.  One alternative is to permit the plaintiffs to file separate documents, but this essentially

17  results in multiple cases within a case, which has few benefits to match the substantial confusion

18  caused.  This situation is especially likely here where Mr. Washington is also under the custody of

19  the federal government and may be moved to a federal prison at some point.

20      "A district court possesses inherent power over the administration of its business."

21  *Spurlock v. Federal Bureau of Investigation*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see Atchison,*

22  *Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (district court

23  possesses inherent power to control its docket, as long as power is exercised in a manner

24  consistent with rules and statutes).  This power includes the authority to promulgate and enforce

25  rules for the management of litigation and the court's docket.  *Spurlock*, 69 F.3d at 1016 (citations

26  omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent powers are tools

27  for "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly

28  and expeditious disposition of cases'").  The Court concludes that having the current plaintiffs

3

1    proceed in separate cases will make their claims easier to manage and resolve.  The Court

2    DISMISSES plaintiff Washington from this action without prejudice to filing a separate action.

3    The Clerk is directed to send Mr. Washington two copies of the court's complaint form.  Mr.

4    Washington's request for leave to proceed *in forma pauperis* is DENIED as moot.  Dkt. No. 2.

5         Second, some of the causes of action in this case appear to be duplicative of claims raised

6    in another case.  Plaintiff Misch appears to be pursuing at least two of the claims raised here in C

7    No. 19-cv-07423 JSC, *Gonzalez v. Ahern et al.*  Mr. Misch is one of the co-plaintiffs in *Gonzalez*

8    and has sought to be certified as a class representative if a class is certified.  Dkt. No. 150.

9    Defendants Alameda County Sheriff's Office and Aramark are also named as defendants in

10   *Gonzalez.*  Two of the claims raised in *Gonzalez* are (1) the meals provided to inmates by

11   Alameda County and Aramark Corp. are insufficient in nutrition and calories, due to reduced

12   portion sizes and spoiled, inedible food, *Gonzalez*, Dkt. No. 180 at 62-64 (Fifth Amended

13   Complaint, Claim Nos. 1 and 2), and (2) inmates are subject to retaliation for filing grievances

14   complaining about conditions of confinement, Dkt. No. 180 at 71-72 (Fifth Amended Complaint,

15   Claim No. 7).   These claims overlap with, and may be duplicative of, plaintiff Misch's claims that

16   (1) kosher/halal meals are insufficient in nutrition and calories due to reduced portion sizes and

17   spoiled, inedible food and (2) defendant Alameda County has a custom or practice of retaliating

18   against inmates who file grievances, which resulted in the June 15, 2022 assault on plaintiff

19   Misch.  If these two claims in *Gonzalez* are duplicative of some of the claims raised in this action,

20   the claims in this action must be dismissed.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.

21   1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to

22   dismissal under 28 U.S.C. § 1915 as malicious).  An *in forma pauperis* complaint that merely

23   repeats pending or previously litigated claims may be considered abusive and dismissed under §

24   1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

25   An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case,

26   even if now filed against new defendants, therefore is subject to dismissal as duplicative.  *Bailey*,

27   846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

28        Third, the complaint violates the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2).

*United States District Court*
*Northern District of California*

4

Fed R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The claim that plaintiff Misch was subject to excessive force in violation of the Eighth Amendment on June 15, 2022 either for filing grievances (as alleged in Dkt. No. 1) or for participating in a court hearing or the *Gonzalez* case (as alleged in Dkt. No. 3) is unrelated to the ways in which the kosher/halal diet allegedly violates plaintiff Misch's constitutional rights. These two claims do not arise out of the same occurrence or series of occurrences and do not share a common question of law or fact with the claims regarding the kosher/halal diet. To proceed in this action, plaintiff Misch must decide which set of claims he wishes to pursue the claims: the claims arising out of the June 15, 2022 assault or the claims regarding the kosher/halal diet. He may pursue the other claim(s) in a separate action.

The complaint is DISMISSED with leave to amend because it appears that Plaintiff could remedy the above-identified deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts). Only plaintiff Misch may proceed in this action going forward.

**D.    *Ex Parte* Temporary Restraining Order**

Plaintiffs have filed a motion seeking a temporary restraining order ("TRO") *ex parte*, Dkt. No. 3, along with a proposed order, Dkt. No. 3-1, and a memorandum of law in support of the TRO, Dkt. No. 4. The three pleadings raise different issues, some overlapping.

The memorandum of law alleges that the kosher-halal meals are inadequate, subpar and deficient and make Plaintiffs choose between their religious beliefs and going hungry; that Plaintiffs' equal protections are being violated by the inadequate meals and that they are being punished for choosing a kosher/halal diet and for filing grievances; and that the hard plastic trays used by Aramark contribute to the religious violations because these trays are re-used and often

United States District Court
Northern District of California

1   contain food from non-halal meals because they are not properly cleaned.  The memorandum of

2   law does not specify what relief is requested and does not reference the June 15, 2022 assault.  *See*

3   *generally* Dkt. No. 3.

4        The TRO request consists of a declaration by Misch, which discusses the June 15, 2022

5   assault and alleges that the assault was in retaliation for plaintiff Misch exercising his First

6   Amendment rights.  There is no mention of the kosher/halal meals.  *See generally* Dkt. No. 4.

7        The proposed order to show cause asks Defendants to show cause why a TRO/PI should

8   not be issued prohibiting Defendants from serving religious meals that do not contain the proper

9   amounts, portions, items, and nutritional and caloric values; from serving religious meals on

10   unsanitary trays that have cross-contamination; and from harassing, retaliating or baiting Plaintiffs

11   for exercising their First Amendment right to access the courts.  *See generally* Dkt. No. 3-1.

12        Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be granted without

13   written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly appears

14   from specific facts shown by affidavit or by the verified complaint that immediate and irreparable

15   injury, loss or damage will result to the applicant before the adverse party or the party's attorney

16   can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any,

17   which have been made to give notice and the reasons supporting the claim that notice should not

18   be required.  *See* Fed. R. Civ. P. 65(b).   Plaintiffs' pleadings fail to meet the requirements set

19   forth in Fed. R. Civ. P. 65(b) for an *ex parte* TRO.  Plaintiffs merely state conclusorily that they

20   will suffer irreparable harm.  The few facts alleged do not indicate a likelihood of immediate and

21   irreparable injury.  If, as alleged in *Gonzalez* and some of Plaintiffs' pleadings, the portion size of

22   all inmate meals, not just kosher/halal meals, is inadequate, the inadequate portion size of

23   kosher/halal meals does not violate the First Amendment's free exercise clause or the Equal

24   Protection Clause.  There is also no indication that either plaintiff is currently at risk for retaliatory

25   behavior by correctional officials.  There are no specific facts alleged showing that plaintiff

26   Washington has been retaliated against or faced potential retaliation, and no specific facts alleged

27   that the June 15, 2022 assault was part of ongoing retaliation against either plaintiff.  Finally, there

28   is currently no operative complaint and this action may be duplicative, at least in part, of

1   *Gonzalez*.  The Court therefore DENIES the request for a temporary restraining order.

2                                                **CONCLUSION**

3          For the foregoing reasons, the Court orders as follows.

4          1.        Plaintiff Keith H. Washington is DISMISSED from this action without prejudice to

5   filing a separate action.  The Clerk is directed to send Mr. Washington two copies of the court's

6   complaint form.  Mr. Washington's request for leave to proceed *in forma pauperis* is DENIED as

7   moot.  Dkt. No. 2.

8          2.        The Court DISMISSES the complaint with leave to amend.  Within twenty-eight

9   (28) days of the date of this order, plaintiff Misch shall file an amended complaint that addresses

10  the deficiencies identified above.  The amended complaint must include the caption and civil case

11  number used in this order, Case No. C 22-05278 HSG (PR) and the words "AMENDED

12  COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the

13  questions on the form in order for the action to proceed.  An amended complaint completely

14  replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir.

15  2012).  Accordingly, plaintiff Misch must include in his amended complaint all the claims he

16  wishes to present and all of the defendants he wishes to sue, and may not incorporate material

17  from the prior complaint by reference.  Failure to file an amended complaint in accordance with

18  this order in the time provided will result in dismissal of this action without further notice to

19  plaintiff Misch.  The Clerk shall include two copies of the court's complaint form with a copy of

20  this order to plaintiff Misch.

21         3.        The Court DENIES Plaintiffs' *ex parte* request for a temporary restraining order.

22  Dkt. No. 3.

23         This order terminates Dkt. No. 3.

24         **IT IS SO ORDERED.**

25  Dated:   9/21/2022

26

27                                                    HAYWOOD S. GILLIAM, JR.
                                                      United States District Judge

28

United States District Court
Northern District of California

7