UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID MISCH,

           Plaintiff,

    v.

ALAMEDA COUNTY SHERIFF'S
OFFICE, et al.,

           Defendants.

Case No. 22-cv-05278-HSG

**ORDER SCREENING AMENDED COMPLAINT; ADDRESSING PENDING MOTIONS AND RECENT FILINGS; INSTRUCTIONS TO PLAINTIFF**

Re: Dkt. Nos. 14-16, 19, 20, 24, 28-31, 33

Plaintiff, an inmate housed at Santa Rita County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His first amended complaint (Dkt. No. 13) is now before the Court for review under 28 U.S.C. § 1915A.  This order also address Plaintiff's pending motions and recent filings.

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

8   *Atkins*, 487 U.S. 42, 48 (1988).

9   **B.    Procedural History**

10      Plaintiff commenced this action on or about September 16, 2022, when he filed the initial

11  complaint with fellow inmate Keith Washington.  The complaint alleged that Aramark

12  Corporation and Alameda County were knowingly serving kosher/halal meals that provided

13  inadequate nutrition and calories, and serving these meals on unclean trays, in violation of the

14  Eighth Amendment's prohibition on cruel and unusual punishment, the Religious Land Use and

15  Institutionalized Persons Act ("RLUIPA"), the First Amendment's free exercise clause, and the

16  Equal Protection Clause; that Santa Rita Jail was refusing to process inmates' grievances, thereby

17  obstructing inmates' First Amendment right of access to the courts; that plaintiff Misch had

18  become a target for retaliation because of his attempts to access the court and his grievance

19  activity; and that on June 15, 2022, plaintiff Misch was subject to excessive force by two unnamed

20  deputies.  *See generally* Dkt. No. 1.

21      In the order screening the complaint, the Court dismissed Mr. Washington from this action

22  without prejudice to filing a separate action because of the procedural problems associated with

23  actions proceeding with *pro se* plaintiffs; and dismissed the complaint with leave to amend

24  because some claims were duplicative of the claims raised in another action filed by Plaintiff, C

25  No. 19-cv-7423 JSC, *Gonzalez v. Ahern, et al.*, and because the complaint violated the joinder

26  requirement.  Dkt. No. 8.  In this screening order, the Court also dismissed the request for a

27  temporary restraining order, in part because there was no operative complaint at the time and there

28  was a possibility that this action was duplicative of *Gonzalez*.  Dkt. No. 8 at 6-7.

United States District Court
Northern District of California

**C.   Amended Complaint**

The amended complaint names as defendants the Alameda County Sheriff's Office ("ACSO"), Aramark Corporation ("Aramark"), and sheriff-elect Yesenia Sanchez.

The amended complaint makes the following allegations.  Plaintiff follows the Wicca faith which requires him to ingest clean, holy, and sanctified meals.  Plaintiff has been incarcerated at Santa Rita Jail for approximately four and a half years.  Aramark provides the meals at Santa Rita Jails.  Santa Rita Jail's kitchen is supervised by Aramark employees.  In April 2018, Plaintiff was placed on the kosher/halal diet.  Starting in late 2018 and continuing through 2020, the kosher/halal meals were missing items such as fruit, vegetables, or protein items.  From 2019 to 2020, the kosher/halal meals omitted the fruit portion.  In addition, the plastic trays on which the meals were served were dirty or had dried food from prior meals stuck to them.  Aramark uses the same utensils for serving kosher/halal meals and non-kosher/halal means.  As a result, Plaintiff cannot be certain that his kosher-halal meals have not been cross-contaminated with foods inconsistent with his religious beliefs.  Aramark is not using the correct size ladle, cups, and spoons when preparing meals, resulting in inconsistent and inadequate portion sizes and nutrition.  Plaintiff has recently noticed that the plastic seal on his kosher/halal meals is broken when he receives the meal.  Because of the issues with the kosher/halal meals, Plaintiff has lost weight, contracted food poisoning and gone to bed hungry on numerous occasions.  Plaintiff has raised these issues with Santa Rita Jail staff, including requesting that his religious meals be served on clean disposable trays to prevent cross-contamination with foods that violate his religious beliefs, but the issues have not been addressed.  Plaintiff alleges that these issues with the kosher/halal meals violate his rights under the First Amendment's Free Exercise Clause, the Equal Protection Clause, and the Eighth Amendment.  *See generally* Dkt. No. 13.

Liberally construed, the amended complaint's allegation that ACSO's inmate kosher/halal meals prepared by Aramark are contaminated with non-kosher/halal items and provide insufficient nutrition, and that defendant Sanchez has done nothing to address these issues, state a cognizable claim for violation of the First Amendment's Free Exercise Clause.  *See, e.g., Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (Free Exercise Clause prohibits prison officials from

1  burdening inmate's practice of religion without justification reasonably related to legitimate

2  penological interests); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (inmates "have the

3  right to be provided with food sufficient to sustain them in good health that satisfies the dietary

4  laws of their religion.").

5          The amended complaint's Equal Protection claim is dismissed with leave to amend.  "The

6  Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any

7  person within its jurisdiction the equal protection of the laws,' which is essentially a direction that

8  all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*,

9  473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A plaintiff alleging

10 denial of equal protection under 42 U.S.C. § 1983 based on a suspect classification must plead

11 intentional unlawful discrimination or allege facts that are at least susceptible of an inference of

12 discriminatory intent.  *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir.

13 1998).  To state a claim for relief, the plaintiff must allege that the defendant state actor acted at

14 least in part because of plaintiff's membership in a protected class.  *See Furnace v. Sullivan*, 705

15 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  If

16 pursuing an equal protection claim, Plaintiff should plausibly allege facts that are at least

17 susceptible of an inference of discriminatory intent.

18         Plaintiff's claim that the kosher/halal meals provided to him are insufficient in calories and

19 nutrition, due to reduced portion sizes and unclean trays, in violation of the Eighth Amendment is

20 DISMISSED without leave to amend as duplicative of the claims raised by Plaintiff and other

21 class members in C No. 19-cv-7423 JSC, *Gonzalez v. Ahern, et al.  See Gonzalez*, Dkt. No. 180 at

22 62-64 (Fifth Amended Complaint, Claim No. 2, alleging *inter alia* that Alameda County Sheriff's

23 Office and Aramark have failed to provide sufficient non-contaminated food to sustain health in

24 that the food provided is "insufficient in quantity, frequently contaminated and spoilt, prepared in

25 unsanitary conditions, served on unclean trays, overcooked, often inedible, and of such poor

26 quality as unable to sustain health," in violation of the Eighth Amendment); *Bailey v. Johnson*,

27 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical

28 causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious; *in forma pauperis*

4

United States District Court
Northern District of California

1    complaint repeating same factual allegations asserted in earlier case, even if now filed against new

2    defendants, is subject to dismissal as duplicative); *Cato v. United States*, 70 F.3d 1103, 1105 n.2

3    (9th Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated

4    claims may be considered abusive and dismissed under Section 1915).

5    **D.       Pending Motions and Other Pleadings**

6            **1.       Evidentiary Filings and Discovery Requests (Dkt. Nos. 14, 17, 18, 25, 29, 30)**

7            Plaintiff has filed numerous additional pleadings in this action.  Some of these pleadings

8    request relief from the Court, such as requesting appointment of counsel, Dkt. Nos. 15, 22, or

9    requesting that Court order the prison to provide Plaintiff with certain legal supplies, Dkt. No. 16.

10   However, Plaintiff has also filed evidence, *see* Dkt. No. 14 (Misch Declaration "Substantial

11   Burden Placed Upon My Sincerely Held Beliefs and Practice"); Dkt. No. 17 (Misch Declaration

12   regarding Exhaustion of Administrative Remedies and listing grievance numbers); Dkt. No. 18

13   (Misch Declaration regarding Denial and Delay in Legal Aid and material support for any pro per

14   or pro se Civil Case Plaintiffs at Santa Rita Jail, Dublin, California"); Dkt. No. 25 ("Declaration

15   by Randy Dewayne Pittman"); and discovery requests, *see* Dkt. No. 29 ("Request for Production

16   of Documents"), Dkt. No. 30 ("Request for Inspection of Aramark Kitchen Area @ Santa Rita Jail

17   During Production of Means an (sic) Packaging of Meals Hours").

18           Pleadings requesting court action are appropriately filed with the Court.  However,

19   Plaintiff should not file evidence or discovery requests with the Court.  The Court is not a

20   depository for Plaintiff's prematurely filed evidence.  Evidence filed prematurely with the Court,

21   such as Dkt. Nos. 14, 17, 18 and 25, have no legal effect and will not be considered.  To the extent

22   Plaintiff has collected evidence that he believes supports his claims, the appropriate time to

23   present evidence is when filing or opposing a dispositive motion.  In addition, discovery requests

24   (and responses to discovery requests), such as Dkt. Nos. 29, 30, should not be filed with the Court.

25   *See* Fed. R. Civ. P. 5(d)(1)(A) (prohibiting filing of discovery requests and responses with court

26   unless used in proceedings, i.e., subject of motion to compel, or required by court).  In the future,

27   Plaintiff should only file pleadings in this action if he is requesting court action, such as an

28   extension of a deadline.  Plaintiff should refrain from filing evidence with the Court as he collects

it and refrain from filing declarations reporting allegedly unconstitutional action.

The Court DENIES Plaintiff's request for inspection of the Aramark Kitchen Area.  Dkt. No. 30.  This is a discovery request that Plaintiff should send to Defendants, and should not file with the Court.

### 2.      Motions Requesting Appointment of Counsel (Dkt. Nos. 15, 31)

Plaintiff has requested appointment of counsel.  Dkt. Nos. 15, 31.  Plaintiff argues that appointment of counsel is warranted because he is unable to afford counsel; he has requested leave to proceed *in forma pauperis*; his imprisonment greatly limits his ability to litigate; the issues involved are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; and a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witness.  Dkt. Nos. 15, 31.  Plaintiff requests that the Court appoint Yolanda Huang as his counsel in this case.  Dkt. No. 31.

The Court DENIES Plaintiff's request for appointment of counsel for failure to demonstrate exceptional circumstances.  Dkt. Nos. 15, 31.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  However, a court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointing counsel is within the court's discretion and is granted only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Both of these factors must be viewed together before reaching a decision on a request for counsel under Section 1915.  *See id.*  The likelihood of Plaintiff's success on the merits is unclear at this early stage in the litigation, and Plaintiff has been able to articulate his claims *pro se* and file numerous pleadings despite the limitations he has described.  The

United States District Court
Northern District of California

6

United States District Court
Northern District of California

request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.  If Plaintiff wishes to have Ms. Huang represent him in this case, he should contact her directly to request that she represent him.[1]

### 3.   Motion Requesting Order for Legal Assistance and Materials for Indigent Litigant (Dkt. No. 16)

Plaintiff requests that the Court order Alameda County Sheriff's deputies to provide him with a weekly supply of blank typing or writing paper and two flex pens so that he may prepare legal drafts; allow him daily access to the electronic legal law library and to a typewriter or word processor so he may prepare his final legal briefs and documents; provide him with proper postage, legal writ envelopes, and business envelopes so that he may communicate with the Court and litigate this action; provide him with access to a copy machine and printer as needed for legal work; and allow him phone access for legal consultation and advice.  Plaintiff states that Santa Rita Jail deputies have denied his recent request for paper, flex pens, envelopes, postage, and daily access to an electronic law library source, and that they will not provide materials or aid for *pro se* litigants in civil cases without an order from this Court.  Dkt. No. 16.  Plaintiff's request that the Court order Alameda County deputies to provide the specific services listed above is DENIED. The Supreme Court has held that the right to access the courts does not create an abstract freestanding right to a law library, legal assistance, or specific supplies.  Rather, the emphasis is on meaningful access to the courts.  Accordingly, legal resources in a prison are constitutionally inadequate only if the alleged shortcomings in the library or legal assistance program have hindered the inmate's efforts to purse a legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Santa Rita Jail's failure to provide all the materials requested, with Plaintiff's preferred frequency and in his preferred quantities, has not hindered Plaintiff's efforts to pursue his legal

---

[1] The Court cannot order Ms. Huang to represent Plaintiff.  Nor can the Court pay for Ms. Huang's legal fees if she agrees to represent Plaintiff.  In the cases where the Court does appoint counsel for an indigent civil rights plaintiff, appointment is on a *pro bono* basis, in that the attorney agrees to represent the plaintiff free of charge.  The Court does not fund appointment of counsel in civil rights cases.

1   claims in this action, as evidenced by Plaintiff's many filings in this action.

2   **4.       Motion Requesting *Ex Parte* Preliminary Injunction (Dkt. Nos. 19, 21)**

3   Plaintiff has filed a proposed order to show cause ("OSC") why a preliminary injunction

4   should not issue, Dkt. No. 19, and he has filed a memorandum of law in support of his request for

5   a preliminary injunction, Dkt. No. 21.  In the proposed OSC, Plaintiff seeks a preliminary

6   injunction requiring Defendants to (1) deliver kosher/halal meals that are in full compliance with

7   the Alameda County Religious meals menu provided by sub-contractor Aramark Corporation;

8   (2) serve kosher/halal meals either on clean disposable trays or on trays designated for

9   kosher/halal foods and visibly distinct from trays used for non-kosher/halal meals; and (3) seal

10  religious meals in plastic and deliver the meals to inmates sealed.  *See* Dkt. No. 21.  In support of

11  this proposed OSC, Plaintiff has filed a memorandum of law that makes the following factual

12  allegations and legal arguments.  Plaintiff practices the Wicca faith and the kosher/halal diet

13  prepared by Aramark Corporation and served by Alameda County Sheriff's Office deputies meets

14  the requirements of his Wicca faith.  Plaintiff has been receiving kosher/halal meals at Santa Rita

15  Jail since 2018.  The portion sizes of the kosher/halal meals are inadequate.  The kosher/halal

16  meals are served on unclean plastic trays, which results in Plaintiff's meals being cross

17  contaminated with non-kosher/halal items and nullifies the sanctity of Plaintiff's religious meals.

18  Plaintiff is regularly forced to choose between adequate nutrition and/or his health, and the tenets

19  of his faith.  During the last four and a half years at Santa Rita Jail, Plaintiff has lost approximately

20  40 pounds due to the deficiencies in the kosher/halal meals.  The inadequate portion size and the

21  dirty serving trays burden Plaintiff's ability to practice his religion, in violation of the First

22  Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act

23  ("RLUIPA").  Plaintiff has filed over one hundred grievances regarding deficiencies and

24  deprivations in the kosher/halal meals.  The more grievances that Plaintiff files, the worse the

25  kosher/halal meals are.  Plaintiff alleges that he has demonstrated that he suffered and continues to

26  suffer an actual injury; that he is likely to show at trial that defendants have violated his rights, and

27  that a preliminary injunction will serve the public interest.  *See generally* Dkt. No. 19.

28  Plaintiff has not served Defendants with this request for a temporary restraining order /

United States District Court
Northern District of California

8

preliminary injunction.  Filing a proposed summons or proposed order in the record does not result in Defendants being served with the proposed pleading, or require the United States Marshals Service to effect service on behalf of Plaintiff.  Plaintiff is therefore requesting an *ex parte* temporary restraining order / preliminary injunction.  Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).  Plaintiff's pleading fails to meet the requirements set forth in Fed. R. Civ. P. 65(b) for an *ex parte* temporary restraining order / preliminary injunction.  Plaintiff has not proffered any reasons why notice need not be given to Defendants prior to issuing a temporary restraining order.  The Court DENIES the request for an *ex parte* temporary restraining order / preliminary injunction without prejudice to Plaintiff re-filing such a request after Defendants have appeared in this action.

### 5.    Motion Requesting Entry of Default (Dkt. No. 28)

Plaintiff has requested that the Court enter default against Defendants because "[t]he court files and record show that the Defendants were served by the United States Marshal with a copy of the Summons, Complaint, and Order to Show Cause for a Preliminary Injunction [and that] the Court stipulated that Responses were due by 11/10/2022."  Dkt. No. 28.  This request is DENIED. No defendant has been served, and nothing in the record or court files indicates otherwise.  At the time the request for entry of default was served, the Court had not ordered the United States Marshals Service to serve any individual or entity.  Plaintiff has filed a proposed summons, Dkt. Nos. 5, 22, 23, in the record, but, as explained above, the filing of a proposed summons does not constitute service on the named defendants and does not trigger any obligation on the part of the United States Marshal Service to effect service.

### 6.    Proposed Summons (Dkt. Nos. 22, 32)

Plaintiff has filed proposed summons with the Court.  Dkt. Nos. 22, 32.  The Court

United States District Court
Northern District of California

United States District Court
Northern District of California

presumes that Plaintiff seeks to have the Court serve these proposed summons.  The Court will only order services of summons after screening the operative complaint and determining what cognizable claims are stated and against which defendants.  Plaintiff should refrain from filing proposed summons with the Court.  These filings clutter the docket.

**7.     Motion Requesting Judicial Review of Complaint (Dkt. No. 33)**

Plaintiff has requested that the Court address his amended complaint.  Dkt. No. 33.  The Court GRANTS Plaintiff's request that the Court review his amended complaint.  The Court has screened the amended complaint in this order.

**8.     Miscellaneous Pleadings (Dkt. Nos. 20, 24)**

In Dkt. No. 20, inmate Washington filed objections to the Court's September 21, 2022 order denying the *ex parte* request for a temporary restraining order and dismissing Mr. Washington as a co-plaintiff.  Dkt. No. 20.  The Court construes these objections as a request for reconsideration to the Court's dismissal of Mr. Washington as a co-plaintiff and the denial of the *ex parte* motion.  This motion is DENIED as moot because Mr. Washington is no longer a party to this action.  Mr. Washington has filed his own separate action.  Mr. Washington also has not obtained leave of court to file a motion for reconsideration as required by N.D. Cal. L.R. 7-9.

In Dkt. No. 24, Plaintiff and inmate Washington asked for clarification of the Court's October 26, 2022 Order which was titled "Order Denying David Washington's Requests to Proceed *In Forma Pauperis*," correctly pointing out that there is no David Washington in this action.  Dkt. No. 24.  The October 26, 2022 Order incorrectly referred to inmate Keith Washington as David Washington.  The October 26, 2022 Order denied inmate Keith Washington's requests to proceed *in forma pauperis*.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Court DENIES Plaintiff's requests for appointment of counsel, Dkt. Nos. 15, 31; DENIES Plaintiff's request for an Order for Legal Assistance and Materials for Indigent Litigant, Dkt. No. 16; DENIES Plaintiff's request for a preliminary injunction, Dkt. No. 19; DENIES Plaintiff's request for entry of default, Dkt. No. 28; DENIES Plaintiff's request for

inspection of the Aramark Kitchen Area, Dkt. No. 30; and GRANTS Plaintiff's request for judicial review of his amended complaint, Dkt. No. 33.  To the extent that inmate Keith Washington seeks reconsideration of the Court's September 21, 2022 order denying the ex parte request for a temporary restraining order and dismissing Mr. Washington as a co-plaintiff, this request for reconsideration is DENIED as moot because Mr. Washington is no longer a party to this action. Dkt. No. 20.

2.      The Court DISMISSES without leave to amend the Eighth Amendment claim and DISMISSES with leave to amend the Equal Protection Claim.

3.      If Plaintiff wishes to file a second amended complaint to re-plead his Equal Protection Claim, Plaintiff shall, within twenty-eight (28) days of the date of this order, file a second amended complaint that addresses the identified deficiencies.  The second amended complaint must include the caption and civil case number used in this order, Case No. C 22-05278 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim(s) found cognizable above and the defendant(s) ordered served below. Plaintiff may not incorporate material from the prior complaints or from other pleadings by reference.  Failure to file a second amended complaint in accordance with this order in the time provided will result in the amended complaint docketed at Dkt. No. 13 remaining the operative complaint, and this action proceeding on the claim(s) found cognizable above and against the defendant(s) ordered served below.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

4.      Liberally construed, the amended complaint states a cognizable First Amendment claim against defendants the Alameda County Sheriff's Office ("ACSO"), Aramark Corporation, and Sheriff-elect Yesenia Sanchez.

5.      Plaintiff has not provided sufficient information to allow the Marshal to locate and

serve defendant Aramark Corporation. Within twenty-eight days of the date of this order, Plaintiff shall submit to the Court sufficient information to locate defendant Aramark Corporation, such as an address, such that the Marshal is able to effect service. A plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff is cautioned that, absent a showing of "good cause," if a defendant is not served within 90 days after the complaint is filed, the Court must – on motion or on its own after notice to the plaintiff – dismiss the action without prejudice against that defendant or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m).

6.     The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 13), with all attachments thereto, and a copy of this order upon **defendants Alameda County Sheriff's Office and Alameda Sheriff-elect Yesenia Sanchez at 1401 Lakeside Drive, 12th Floor, Oakland CA 94612-4305.** A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the Alameda County Counsel, at 1221 Oak Street, Suite 450, Oakland CA 94612.

7.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary

United States District Court
Northern District of California

1         b.     Plaintiff's opposition to the summary judgment or other dispositive motion

2    must be filed with the Court and served upon Defendants no later than 28 days from the date the

3    motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

4    provided later in this order as he prepares his opposition to any motion for summary judgment.

5         c.     Defendants shall file a reply brief no later than 14 days after the date the

6    opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

7    hearing will be held on the motion.

8         8.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the

9    Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

10   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

11   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

12   any fact that would affect the result of your case, the party who asked for summary judgment is

13   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

14   makes a motion for summary judgment that is properly supported by declarations (or other sworn

15   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

16   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

17   as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

18   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

19   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

20   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

21   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

22   not excuse Defendants' obligation to serve said notice again concurrently with a motion for

23   summary judgment.  *Woods*, 684 F.3d at 939).

24        9.     All communications by Plaintiff with the Court must be served on Defendants'

25   counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

26

27   judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that

28   failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

11.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

12.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Dkt. Nos. 15, 16, 19, 20, 28, 30, 31, 33.

**IT IS SO ORDERED.**

Dated:  September 6, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

14