1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID MISCH,                           Case No. 22-cv-05278-HSG

8                    Plaintiff,             **ORDER DENYING PLAINTIFF'S**
                                            **MOTION FOR CLARIFICATION AND**
9          v.                               **FOR EXTENSION OF TIME TO FILE**
                                            **AMENDED COMPLAINT; GRANTING**
10   ALAMEDA COUNTY SHERIFF'S               **DEFENDANTS' REQUEST FOR**
     OFFICE, et al.,                        **EXTENSION OF TIME TO FILE**
11                                          **DISPOSITIVE MOTION AND FOR**
                     Defendants.            **LEAVE TO FILE AMENDED ANSWER**
12
                                            Re: Dkt. Nos. 46, 48
13

14         Plaintiff, an inmate housed at Santa Rita County Jail, has filed a *pro se* action pursuant to

15   42 U.S.C. § 1983.  Now pending before the Court are (1) Plaintiff's request for clarification of

16   Dkt. No 34, clarification on dismissal of his appeal, and an order allowing Plaintiff to "file an

17   amended complaint as the court instructed him to do earlier on," Dkt. No. 46, and (2) Defendants'

18   request for an extension of time to file their dispositive motion and for leave to file an amended

19   answer, Dkt. No. 48.

20                               **DISCUSSION**

21   **I.    Dkt. No. 46**

22         Plaintiff's request for "clarification of Court's Order (Dkt. No. 34)" is DENIED because it

23   is unclear what relief is being sought.  Plaintiff has requested that the Court clarify Dkt. No. 34,

24   Dkt. No. 46 at 1, but does not specify what is unclear about Dkt. No. 34.

25         Plaintiff's request for "clarification on dismissal of his appeal" is DENIED because the

26   Court cannot provide legal advice.  Dkt. No. 46 at 1.  Plaintiff's appeal is pending with the Ninth

27   Circuit Court of Appeals, not with this Court.  This Court cannot opine on the appellate

28   proceedings.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff's request that he be allowed to "file an amended complaint as the court instructed

2 him to do earlier on" is DENIED without prejudice for failure to show good cause and for failure

3 to comply with N.D. Cal. L.R. 10-1.  Dkt. No. 46 at 1.  The Court's September 6, 2023 Order

4 screened the first amended complaint as follows.  The Court found that the first amended

5 complaint's allegations that the Alameda County Sheriff's Office ("ACSO")'s inmate kosher/halal

6 meals prepared by Aramark Corporation are contaminated with non-kosher/halal items and

7 provide insufficient nutrition, and that ACSO Sheriff Sanchez has done nothing to address these

8 issues stated a cognizable First Amendment claim against defendants the Alameda County

9 Sheriff's Office ("ACSO"), Aramark Corporation, and Sheriff-elect Yesenia Sanchez.  The Court

10 dismissed the Eighth Amendment claim with prejudice, and dismissed the equal protection claim

11 with leave to amend because the first amended complaint did not plausibly allege facts that were at

12 least susceptible of an inference of discriminatory intent.  *See generally* Dkt. No. 34.  The Court

13 instructed Plaintiff that if he wished to amend his equal protection claim, he should file a second

14 amended complaint by October 3, 2023, addressing the identified deficiencies, and that the failure

15 to do so would result in the first amended complaint (Dkt. No. 13) remaining the operative

16 complaint, and this action proceeding solely on the First Amendment claim against the Alameda

17 County Sheriff's Office ("ACSO"), Aramark Corporation, and Sheriff-elect Yesenia Sanchez.  *See*

18 *generally* Dkt. No. 34.  More than two months have passed since the deadline to file a second

19 amended complaint.  Plaintiff has not shown good cause for the failure to comply with the Court's

20 deadline and has not attached a proposed second amended complaint as required by N.D. Cal. L.R.

21 10-1.[1]  Plaintiff's request for leave of court to file a second amended complaint is DENIED

22 without prejudice.  Any renewed motion for leave to file a second amended complaint should be

23 accompanied by a showing of good cause for the failure to comply with the Court's deadline and

24 be accompanied by a proposed second amended complaint as required by N.D. Cal. L.R. 10-1.

25 //

26

27 _____

28 [1] N.D. Cal. L.R. 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  N.D. Cal. L.R. 10-1.

United States District Court
Northern District of California

**II.      Dkt. No. 48**

Defendants have requested an extension of time to April 5, 2024, to file their dispositive

motion, and for leave to file an amended answer.  Dkt. No. 48.

Good cause being shown, the Court GRANTS Defendants' request for leave to file an

amended answer.  Pursuant to the language of Fed. R. Civ. P. 15(a)(2), leave to amend should be

freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Here, Defendants filed their

answer on November 16, 2023, and state that, in the course of investigating Plaintiff's allegations,

they have discovered an additional potential affirmative defense.  There is no evidence that

Defendants have acted with undue delay, bad faith or dilatory motive.  *Hall v. City of Los Angeles*,

697 F.3d 1059, 1073 (9th Cir. 2012) ("In the absence of any apparent or declared reason–such as

undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave

sought should, as the rules require, be freely given.") (internal quotation marks and citations

omitted).  **Defendants shall file their amended answer within seven (7) days of the date of this

order.**

Good cause being shown, the Court GRANTS Defendants' request for an extension of

time to file their dispositive motion.  **Defendants shall file their dispositive motion by April 5,

2024.**  Plaintiff's opposition to the dispositive motion must be filed with the Court and served

upon Defendants no later than 28 days from the date the motion is filed.  Defendants shall file a

reply brief in support of their dispositive motion no later than 14 days after the date the opposition

is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing

will be held on the motion.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.      The Court DENIES Plaintiff's request "clarification of Court's Order (Dkt. No.

34)" because it is unclear what relief is being sought; DENIES Plaintiff's request for "clarification

on dismissal of his appeal" because the Court cannot provide legal advice; and DENIES without

prejudice Plaintiff's request for leave to file an amended complaint.  Dkt. No. 46.

2.      The Court GRANTS Defendants' request for an extension of time to file a dispositive motion and for leave to file an amended answer.

3.      Defendants shall file their amended answer within seven (7) days of the date of this order.

4.      Defendants shall file their dispositive motion by April 5, 2024.  Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Defendants shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

This order terminates Dkt. Nos. 46, 48.

**IT IS SO ORDERED.**

Dated:  2/1/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4